### INTERNATIONAL HARVESTER CO. OF AMERICA v. ORTO et al.

#### In re J. F. WEST HARDWARE CO.

(Circuit Court of Appeals, Eighth Circuit. September 11, 1922.)

No. 5978.

Bankruptcy ☞463—Record in intervention held not to present question as to title of conditional seller for determination.

Whether conditional seller's title was good against trustee of bankrupt purchaser, or whether taking of title retention notes waived the title retention clause of the contract, *held* not determinable on record of intervention proceedings by seller as claimant, wherein there was not embodied a copy of the title notes, or of the contract or contracts under which the goods were sold, and it did not appear whether there were one or more contracts.

Appeal from the District Court of the United States for the Eastern District of Arkansas; Jacob Trieber, Judge.

In the matter of the bankruptcy of the J. F. West Hardware Company. Intervention of the International Harvester Company to recover goods shipped was opposed by A. Z. Orto, trustee in bankruptcy. Decision of the referee for intervener was reversed by the District Court, and the intervener appeals. Order of the District Court affirmed.

James A. Comer, of Little Rock, Ark., and George N. B. Lowes and William D. McHugh, both of Chicago, Ill., for appellant.

Harry T. Wooldridge, of Pine Bluff, Ark., for appellee.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Before LEWIS and KENYON, Circuit Judges, and JOHNSON, District Judge.

LEWIS, Circuit Judge. West and others, partners, were adjudged bankrupts. Appellant intervened in that proceeding and claimed a large part of the assets. It alleged in its petition:

"That from time to time during the years 1920 and 1921, your petitioner sold and delivered to said bankrupts certain agricultural implements, goods and machinery; that said implements, goods and machinery were sold under printed sales contracts and orders in each and all of which it was provided that the title to the goods shipped thereunder should remain in said International Harvester Company of America until the purchaser had made full payment in cash for all of said goods and for all notes given therefor."

And it prayed that it be permitted to take possession of all goods which it had sold to the bankrupts then on the premises. The trustee answered the petition and admitted that he had possession of goods sold to the bankrupts by the petitioner, but alleged that a portion of the same had been fully paid for, as to which he denied any right in appellant. His answer admitted that the goods were sold "during the years 1920 and 1921, under *a certain contract* entered into by and between interveners and said bankrupts." The referee found that appellant was entitled to all of the goods which it had sold and were then in possession of the trustee. The trustee petitioned the Bankruptcy Court for a review of the referee's action. In that petition he sets out a part of that "certain contract" as follows:

"In consideration of the acceptance of this order, the Purchaser agrees to all of the terms, conditions and provisions of this contract, as follows: * * *

"That the title to all goods shipped under this contract shall remain in the Company until the Purchaser has made full payment in cash for all of said goods and for all notes given therefor."

He further alleges in his petition for review that for each shipment made by intervener to bankrupts a note was taken, in which it was recited that title to the goods sold, and for which the note was given in payment, was retained in appellant until the note had been paid, and that the note representing that portion of the goods which the trustee refused to deliver to appellant had been paid for in full. The Bankruptcy Court reversed the order of the referee in an order as follows:

"And the court finds from said order, the intervention of the International Harvester Company, the answer of the Trustee thereto, and the exhibits filed herein, that the Intervener sold and delivered to said bankrupt under a general contract goods, ware and merchandise amounting to the sum of $10,061.43; that upon the adjudication of said bankrupt, it had in its possession goods so sold amounting in value to the sum of $10,061.43; that a portion thereof amounting in value to the sum of $1,534.98 had been secured by retention of title notes, subsequently executed by the bankrupt to the said Intervener, and at the time of said bankrupt's adjudication the notes given in payment therefor had been paid in full; that the Trustee herein has delivered to said Intervener all of said goods sold and delivered to said bankrupt, and conceded intervener's right to them, except those for which said Intervener has been paid for in full, amounting in value to the sum of $1,534.98."

And it was ordered that the trustee retain possession of the goods paid for. This appeal is from that order.

In the recitation that has been made all of the facts that appear in the record will be found. A copy of the title notes is not embodied in the transcript, nor of the contract or contracts under which the goods were sold, further than the two paragraphs thereof set out in the trustee's petition for review. It will be noticed that the appellant is not in agreement with the trustee and the district judge. It recites in its petition in intervention that the goods—

"were sold under printed sales contracts and orders in each and all of which it was provided that the title to the goods shipped thereunder should remain in said International Harvester Company of America until the purchaser had made full payment in cash for all of said goods and for all notes given therefor."

The excerpt in the trustee's petition for review indicates that there was a separate contract for each shipment and purchase. The purchases were made during 1920 and 1921. The trustee and the district judge refer to "a certain contract" and "a general contract." We think it is fair to conclude that they are all in accord on the proposition that a retention of title note was given for each separate shipment.

The sole contention of counsel for appellant here, as we understand it, is that under the title retention clause of the contract the title to all goods shipped thereunder remained in appellant as security for the payment of the entire purchase price, and that the taking of title retention notes did not constitute a waiver of the title retention clause of the contract. It must be obvious from what has been said that the facts brought up by the record do not permit us to pass upon the claim; and it is equally apparent that we cannot say that the Bankruptcy Court erred in making the order appealed from.

Affirmed.